IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| YANCY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BERMAN & RABIN, P.A., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, YANCY DAVIS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, BERMAN & RABIN, P.A., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II.  JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Jurisdiction arises under the TCPA pursuant to 28 U.S.C. §1367(a).

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

5.  YANCY DAVIS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kansas City, County of Jackson, State of Missouri.

1

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. BERMAN & RABIN, P.A., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Missouri. Defendant is registered as a professional association in the State of Kansas.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. The debt that Defendant was attempting to collect from Plaintiff was, upon information and belief, a debt incurred for personal use and/or for household expenditure.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

## COUNT I: VIOLATION OF THE FDCPA

14. In or around May 2010 through July 2010, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number and left multiple automated voicemail messages for Plaintiff.

15. Upon information and belief, the aforementioned telephone calls were initiated by Defendant through the use of an automatic dialing system.

16. During the aforesaid voicemail messages left by Defendant for Plaintiff, Defendant stated that the message was for an individual named Tiffany Davis.

17. The aforesaid automated voicemail messages were intended to attempt to collect a debt owed by an individual other than Plaintiff.

18. Plaintiff heard the aforesaid voicemail messages.

19. In or around May 2010 through July 2010, and on multiple occasions therein, subsequent to hearing the aforesaid voicemail messages, Plaintiff initiated multiple telephone calls to Defendant.

20. Plaintiff engaged in multiple telephone conversations with Nicole, Defendant's duly authorized representative.

21. During the course of the aforesaid telephone calls between Defendant and Plaintiff, Plaintiff repeatedly advised Defendant that she was not Tiffany Davis.

22. Plaintiff further advised Defendant, on multiple occasions, that she neither lived with Tiffany Davis nor knew of Tiffany Davis.

23. On multiple occasions, Plaintiff informed Defendant that she wished to be removed from Defendant's telephone call list.

24. On multiple occasions, Defendant advised Plaintiff that Plaintiff would be removed from Defendant's telephone call list

25. On multiple occasions, Defendant advised Plaintiff that within the next forty-eight (48) hours Plaintiff would stop receiving telephone calls from Defendant.

26. During the course of its telephone calls with Plaintiff, Nicole failed to advise Plaintiff that she was a debt collector, that she was attempting to collect a debt and that any information obtained would be used for that purpose.

27. Despite Defendant's multiple representations that Plaintiff would be removed from Defendant's telephone call list, Defendant continued to initiate automatic telephone calls to Plaintiff.

28. Defendant's representations, as delineated above, that Plaintiff would be removed from its call list were deceptive, false and/or misleading given that Defendant continued to initiate automatic telephone calls to Plaintiff.

29. After advising Defendant on multiple occasions that Plaintiff was not Tiffany Davis, Defendant continued to initiate automatic telephone calls to Plaintiff in an attempt to collect a debt owed by Tiffany Davis.

30. After advising Defendant on multiple occasions that Plaintiff was not Tiffany Davis, Defendant continued to leave automated voicemail messages for Plaintiff in an attempt to collect a debt owed by Tiffany Davis.

31. In or around May 2010 through July 2010, and on multiple occasions therein, Defendant initiated the aforementioned automated telephone calls to Plaintiff after Plaintiff had advised Defendant that she was not the individual who owed a debt to Defendant.

4

32. During the aforesaid time period, and on multiple occasions therein, Plaintiff answered the aforementioned telephone calls.

33. Immediately after Plaintiff disconnected the aforementioned telephone calls, Defendant initiated additional automated telephone calls to Plaintiff.

34. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

35. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

36. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, YANCY DAVIS, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE TCPA

37. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

38. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

39. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant

40. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, YANCY DAVIS, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

c. Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**YANCY DAVIS**

By: <u>s/ Joan M. Landmann</u>
Attorney for Plaintiff

<u>Dated: June 24, 2010</u>

Joan M. Landmann (Bar # 57461)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 4000
Chicago, IL 60601
Telephone: (888) 822-1777 (x816)
Facsimile: (888) 418-1277
E-Mail: jlandmann@smithlaw.us